McConihe vs. McClurg and others.

A demurrer to a complaint cannot be treated as frivolous when it raises questions which fairly require argument and examination to determine them.

APPEAL from the Circuit Court for *Racine* County.

This was an action to foreclose a mortgage given to the plaintiff, *Isaac McConihe, Jr.*, by *Alexander McClurg* and wife. The mortgage was given to secure the payment of a bond executed by *Alexander McClurg*, April 10, 1858, in the penalty of $20,000, with condition to be void if said *Alexander* should fulfill an agreement therein recited, as follows: "Whereas the said *McConihe* has agreed to become liable for the City Bank of Racine, by accepting their drafts, indorsing their notes and the renewals thereof, or otherwise, to an amount not exceeding ten thousand dollars and the interest thereon from this date at the rate of ten per cent. per annum at any one time, the said *McClurg* has agreed fully to indemnify and save harmless the said *McConihe* from all such liability or liabilities which he may hereafter incur or assume for or on account of the said bank, not exceeding in amount at any one time, the sum above stated." The complaint alleges that said City Bank, for the purpose of procuring the indorsement of the plaintiff under said agreement, caused four promissory notes to be drawn, copies of which and of the indorsements, are set forth in the complaint. The tenor of these notes is sufficiently stated in the opinion of the court. The notes were each indorsed "A. McClurg, for the City Bank of Racine," and "Wm. McConihe, Cas.," before being indorsed by the plaintiff. The complaint alleges "that each of said promissory notes was signed by *Alexander McClurg* as president of said bank and for said bank, and thereby was made by said bank; and that each of said notes was indorsed by said bank, by William McConihe, cashier thereof;" and that afterwards the plaintiff indorsed each of said notes and thereby became liable for said City Bank to the amount thereof and interest; that the plaintiff, after indorsing said notes, procured the same to be discounted

for said City Bank, and that the money obtained thereby
was received and used by said bank as its own money; that
neither said bank nor said *Alexander McClurg*, has paid said
notes, or any part thereof; and that as the indorser of said
notes the plaintiff was compelled to and did pay the same
and take them up at the time they respectively became due,
and is now the holder thereof. The complaint also alleges
that three of the notes were duly presented for payment at,
&c., and said bank and said *Alexander* were duly notified of
their non-payment, and that they each waived presentment of
the other note and notice of its non-payment.

*Judd & Joy*, for the appellants:

The demurrer was not frivolous. 1 Dunlap's Pr., 250;
Graham's Pr., 608, 609; *Grubb vs. Remington*, 7 Wis., 349;
*Foote vs. Carpenter*, id., 395; 12 How. Pr. R., 543.

1. A citizen who deals with a corporation, or who takes
its negotiable paper, is presumed to know the extent of its
corporate power. *Mechanics' Bank vs. Drovers' Bank*, 16 N.
Y., 125, 129–30. 2. A bank has not power under our stat-
ute (R. S., 461, sec. 4; 462, sec. 10), to make a valid promis-
sory note for money borrowed; the exercise of such a power
for such a purpose, by a bank, or one or more of its officers,
is not contemplated or authorised by the statute. It would
increase the liability of the individual stockholders far be-
yond the amount contemplated by them, and prejudice and
weaken the security of its legitimate creditors   See *McCul-
lough vs. Moss*, 5 Denio, 579; 2 Hill, 240; 1 id., 11. 3. If a
bank or its officers can exercise such a power in such a
case, its contracts must be signed by the president (or vice
president) and cashier thereof. R. S., 462, sec. 7. A cor-
poration has no other powers than such as are specifically
granted by the act of incorporation, or are necessary for the
purpose of carrying into effect the powers expressly granted
to it. *The People vs. Utica Ins. Co.*, 15 Johns., 358. It can
act only in the mode prescribed by its charter. *Hosack vs.
College of Physicians*, 5 Wend., 552, and the cases there
cited; *Mussey vs. Eagle Bank*, 9 Met., 306; *McCullough vs.
Moss*, 5 Denio, 567, 580. 4. The notes in suit are not the
promissory notes of "The City Bank of Racine," but are

the promissory notes of the defendant *Alexander McClurg.* *Moss vs. Livingston,* 4 Coms., 208. (See 1 Cow., 513; it will be observed that the note in that case was given for an object contemplated in the charter of the company.) *Barker vs. Mechanics' Ins. Co.,* 3 Wend., 94; *Hills vs. Butler,* 8 Cow., 31; *Stone vs. Wood,* 7 Cow., 453; *Taft vs. Brewster,* 9 Johns., 334; *White vs. Skinner,* 13 Johns., 307. The avails of the notes when discounted were therefore the property of *Alexander McClurg,* and it was a misapplication of the funds to apply them to the use of the bank.

*Strong & Fuller,* for the respondent.

April 10.   *By the Court,* PAINE, J.   This action was brought to foreclose a mortgage. It is averred in the complaint that the mortgage, with a bond of $20,000, was executed by *Alexander McClurg,* to secure the plaintiff for liabilities he was to incur for the City Bank of Racine, by accepting its drafts, indorsing its notes, &c., to an amount not exceeding $10,000. It is further averred that the plaintiff did become liable as indorser upon several notes, for the bank; that he was compelled to and did pay the same; and that he was therefore entitled to collect the amount so paid from the defendant on the bond and mortgage. The several notes are copied in the complaint.

The defendants demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and specified numerous defects relied on. The plaintiff moved for judgment, on account of the frivolousness of the demurrer, which motion was granted by the court below; and from that judgment this appeal was taken.

One objection specified in the demurrer is, that the notes mentioned in the complaint were not the notes of the City Bank of Racine, but were merely the personal notes of *Alexander McClurg.* The first note is as follows, and the others are drawn in the same form:

"$2,000.                CITY BANK OF RACINE,
                          RACINE, July 7, 1859.

Three months after date I promise to pay to the order of

A. McClurg, two thousand dollars, value received, at the American Exchange Bank, N. Y.

        (Signed)        A. McClurg, President."

It is claimed that these are not the notes of the bank, first because they do not purport to be such, and because if they did, it is essential that they should, under the banking law, be signed not only by the president, but by the cashier also, to be valid.

It is claimed further, that the bank had no authority to issue any promissory note whatever, other than those provided for by the banking law.

We shall not at this time express any opinion on the merits of these questions, but shall only say that if determining upon the frivolousness of the demurrer involves their decision, then it cannot, within the rule frequently acted on by this court, be considered as frivolous. The cases cited by the counsel for the appellant, show that some of these questions have been the subjects of serious deliberation by the highest courts of other states, and that their adjudications have been such as at least to require reflection and investigation, in order to determine them properly.

But it seems, from the opinion of the circuit court, that the judge held the demurrer frivolous, even though the above objections to the validity of the notes, as notes of the bank, were conceded to be good. He sustained the right of the plaintiff to recover, upon the ground that whether or not the notes were strictly valid as against the bank, still as the bank had the money, and the plaintiff endorsed the notes and paid them, they being executed at least by the officers of the bank, it came fairly within the spirit and intent of the indemnity bond. Perhaps this conclusion should, upon an argument of the demurrer, be sustained. But we think it is not so obviously right as to condemn the pleading for frivolity. The bond of indemnity was, as stated in the complaint, to secure the plaintiff for any liability he might incur for the Bank of Racine, "by accepting their drafts, indorsing their notes, and the renewals thereof." Now if he indorsed notes which were not the notes of the bank, and on which

the bank was not liable in law, this certainly does not come within the letter of the bond; and although it may be brought within its spirit by an application of equitable or legal principles to the other facts stated in the complaint, yet certainly that conclusion is not so obvious as to be apparent without argument or examination.

The judgment is reversed, with costs, and the cause remanded for further proceedings.